UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ALEC WILLIAMS, JR., | Case No. 2:18-cv-01286-RFB-EJY |
| Plaintiff, | SCREENING ORDER |
| v. | |
| STATE OF NEVADA et al., | |
| Defendants. | |

Plaintiff, who is in the custody of the Nevada Department of Corrections ("NDOC"), has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 and has filed an application to proceed *in forma pauperis*. ECF Nos. 1, 1-1. The Court now screens Plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915A.

**I.    IN FORMA PAUPERIS APPLICATION**

Plaintiff's application to proceed *in forma pauperis* is granted. ECF No. 1. Based on the information regarding Plaintiff's financial status, the Court finds that Plaintiff is not able to pay an initial installment payment toward the full filing fee pursuant to 28 U.S.C. § 1915. Plaintiff will, however, be required to make monthly payments toward the full $350.00 filing fee when he has funds available.

**II.   SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune

from such relief.  See 28 U.S.C. § 1915A(b)(1),(2).  Pro se pleadings, however, must be liberally construed.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act (PLRA), a federal court must dismiss a prisoner's claim, if "the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).  Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint.  When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  See Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law.  See Chappel v. Lab. Corp. of America, 232 F.3d 719, 723 (9th Cir. 2000).  Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief.  See Morley v. Walker, 175 F.3d 756, 759 (9th Cir. 1999).  In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff.  See Warshaw v. Xoma Corp., 74 F.3d 955, 957 (9th Cir. 1996).  Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers.  See Hughes v. Rowe, 449 U.S. 5, 9 (1980).  While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff

1 must provide more than mere labels and conclusions. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. Id.

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." Id. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

Finally, all or part of a complaint filed by a prisoner may therefore be dismissed sua sponte if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). See Neitzke v. Williams, 490 U.S. 319, 327-28 (1989); see also McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).

**III.    SCREENING OF COMPLAINT**

In the complaint, Plaintiff sues multiple defendants for events that took place while Plaintiff was incarcerated at High Desert State Prison ("HDSP"). ECF No. 1-1 at 1. Plaintiff sues Defendants State of Nevada, Nevada Department of Corrections, Offender Management Division, Warden Brian Williams, and James Dzurenda. Id. at 2-3. Plaintiff alleges one count and seeks monetary damages.[1] Id. at 5, 9.

/ / /

---

[1] Inmate Daryl E. Gholson helped Plaintiff prepare the complaint. (ECF No. 1-1 at 9).

1  The complaint alleges that Defendants knew or should have known that they should have been applying NRS § 209.4465(7)(b) to Plaintiff's minimum sentence, thus, making him eligible for parole sooner. Id. at 3, 5. Plaintiff alleges Fourteenth Amendment due process and equal protection violations. Id. at 5.

As an initial matter, the Court recognizes that Plaintiff is challenging Defendants' failure to apply good time credits to Plaintiff's minimum sentence and parole eligibility date as directed by NRS § 209.4465(7). NRS § 209.4465(7) permits good time credits to be applied to a prisoner's minimum sentence, in certain circumstances, thus, making an inmate eligible for parole sooner than he or she would have been without the credits. See NRS § 209.4465(7); Williams v. State Dep't of Corr., 402 P.3d 1260, 1262 (Nev. 2017). Because Plaintiff's lawsuit revolves around his parole eligibility date and not his underlying conviction or overall sentence, he may proceed with this § 1983 action. See Wilkinson v. Dotson, 544 U.S. 74, 82 (2005) (holding that if a civil claim merely would speed up the plaintiff's *consideration* for parole and would not necessarily imply the invalidity of the duration of confinement, then that claim may proceed in a § 1983 action).

**A.  Due Process**

In order to state a Fourteenth Amendment due process claim, a plaintiff must adequately allege that he was denied a specified liberty interest and that he was deprived of that liberty interest without the constitutionally required procedures. Swarthout v. Cooke, 562 U.S. 216, 219 (2011). In Nevada, state prisoners do not have a liberty interest in parole or parole eligibility. See Moor v. Palmer, 603 F.3d 658, 661-62 (9th Cir. 2010). Additionally, allegations that a defendant violated state law are not sufficient to state a claim for violation of the Fourteenth Amendment's due process clause. Swarthout, 562 U.S. at 222 (holding that "a 'mere error of state law' is not a denial of due process).

The Court finds that Plaintiff fails to state a colorable due process claim based on the allegations that Defendants violated NRS § 209.4465(7)(b) and deprived him of an earlier parole eligibility date. Plaintiff cannot establish a liberty interest in his parole eligibility date. Moreover, the failure to properly apply NRS § 209.4465(7) constitutes an

1 | error of state law and cannot be the basis of a due process claim. As such, the Court dismisses the due process claim, with prejudice, as amendment would be futile.

### B. Equal Protection

The Equal Protection Clause of the Fourteenth Amendment is essentially a direction that all similarly situated persons be treated equally under the law. <u>City of Cleburne, Tex. v. Cleburne Living Ctr</u>., 473 U.S. 432, 439 (1985). In order to state an equal protection claim, a plaintiff must allege facts demonstrating that defendants acted with the intent and purpose to discriminate against him based upon membership in a protected class, or that defendants purposefully treated him differently than similarly situated individuals without any rational basis for the disparate treatment. <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 686 (9th Cir. 2001); <u>see</u> <u>also</u> <u>Vill. of Willowbrook v. Olech</u>, 528 U.S. 562, 564 (2000).

The Court finds that Plaintiff fails to state a colorable equal protection claim. Plaintiff has not made any allegations that even attempt to support an equal protection claim. As such, the Court dismisses the claim without prejudice.

### IV. CONCLUSION

For the foregoing reasons, it is ordered that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) without having to prepay the full filing fee is **granted**. Plaintiff shall **not** be required to pay an initial installment fee. Nevertheless, the full filing fee shall still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act. The movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor. This order granting *in forma pauperis* status shall not extend to the issuance and/or service of subpoenas at government expense.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act, the Nevada Department of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of **Alec Williams, Jr., #1004943** (in months that the account

exceeds $10.00) until the full $350 filing fee has been paid for this action.  The Clerk shall send a copy of this order to the attention of **Chief of Inmate Services for the Nevada Department of Prisons,** P.O. Box 7011, Carson City, NV 89702.

IT IS FURTHER ORDERED that, even if this action is dismissed, or is otherwise unsuccessful, the full filing fee shall still be due, pursuant to 28 U.S.C. §1915, as amended by the Prison Litigation Reform Act.

IT IS FURTHER ORDERED that the Clerk of the Court file the complaint (ECF No. 1-1).

IT IS FURTHER ORDERED that the Fourteenth Amendment due process claim is dismissed, with prejudice, as amendment would be futile.

IT IS FURTHER ORDERED that the Fourteenth Amendment equal protection claim is dismissed without prejudice.

IT IS FURTHER ORDERED that the Clerk of the Court close this case and enter judgment accordingly.

IT IS FURTHER ORDERED that this Court certifies that any *in forma pauperis* appeal from this order would **not** be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3).

DATED this 4th day of October, 2019.

RICHARD F. BOULWARE, II
**UNITED STATES DISTRICT JUDGE**